Filed 4/12/16  In re Gauge V. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re GAUGE V. et al., Persons Coming Under the Juvenile Court Law. | |
| KINGS COUNTY HUMAN SERVICES AGENCY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JULIO V.,<br><br>Defendant and Appellant. | F072315<br><br>(Super. Ct. No. 14JD0001)<br><br>**OPINION** |

## THE COURT*

APPEAL from an order of the Superior Court of Kings County.  Jennifer Lee Giuliana, Judge.

Patricia K. Saucier, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Kane, J. and Poochigian, J.

Julio V. (father) appealed from the juvenile court's order terminating his parental rights (Welf. & Inst. Code, § 366.26)[1] as to his now six-year-old son Gauge, and four‑year-old daughter A.V.  After reviewing the juvenile court record, father's court-appointed counsel informed this court she could find no arguable issues to raise on father's behalf.  This court granted father leave to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists.  (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844 (*Phoenix H.*).)

Father submitted a letter in which he asserts he completed courses in victim awareness and alternatives to violence.  He attached certificates to verify his successful completion of the courses.  He also asserts in his letter that he has been attending Narcotics Anonymous/Alcoholics Anonymous (NA/AA) meetings, is employed, and has a home with two extra bedrooms.  He asks for a chance to participate in reunification services and gain custody of his children.

We conclude father failed to address the termination proceedings or set forth a good cause showing that any arguable issue of reversible error arose from the termination hearing.  (*Phoenix H.*, *supra*, 47 Cal.4th at p. 844.)  Consequently, we dismiss the appeal.

## PROCEDURAL AND FACTUAL SUMMARY

In January 2014, then three-year-old Gauge and 23-month-old A.V. were taken into protective custody after their mother (Jennifer) was arrested for possessing methamphetamine.  At the time, father was incarcerated on drug-related charges.  He was expected to be released in September 2016.

In March 2014, the juvenile court ordered reunification services for Jennifer but denied father services because he was incarcerated and the court determined that providing him services would be detrimental to the children.  (§ 361.5, subd. (e)(1).)

---

[1]    All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

In April 2015, at a contested 12-month review hearing, the juvenile court terminated Jennifer's reunification services and set a section 366.26 hearing for August 2015.

In July 2015, father filed a section 388 petition asking the juvenile court to provide him reunification services. He had been released from custody the month before. In his petition, father asserted that his circumstances had changed; he was employed and had completed programs in prison related to victim awareness and alternatives to violence. He attached certificates he was awarded for completing a "Victim Awareness" course on September 17, 2014, an "Alternatives to Violence Project" basic workshop on January 4, 2015, and "Alternatives to Violence Project" second level (advanced) course on April 12, 2015. He also stated in his petition that he enrolled in a parenting class and was attending NA/AA meetings. He contended it was in the children's best interests to grant his request because his children would benefit from having renewed contact with him. He believed with more time he could complete any reunification services that the juvenile court required. The juvenile court denied father's section 388 petition, finding that his circumstances had not changed and that it would not serve the children's best interests to grant him services.

The section 366.26 hearing was conducted in September 2015. The recommendation of the Kings County Human Services Agency was adoption. Father testified at the hearing regarding his relationship with his children, the services he completed in prison, his parenting class, and his attendance at NA/AA meetings. His attorney argued that the beneficial relationship exception to adoption applied. The juvenile court found the children were likely to be adopted but disagreed that the beneficial relationship exception to adoption applied. Consequently, the court terminated father's and Jennifer's parental rights and established adoption as the permanent plan for the children.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If appellant fails to do so, the appeal may be dismissed. (*In re Sade C*. (1996) 13 Cal.4th 952, 994.)

At a termination hearing, the juvenile court's focus is on whether it is likely the child will be adopted and if so, order termination of parental rights. (*In re Marilyn H*. (1993) 5 Cal.4th 295, 309.) If, as in this case, the child is likely to be adopted, the juvenile court must terminate parental rights unless the parent proves there is a compelling reason for finding that termination would be detrimental to the child under any of the circumstances listed in section 366.26, subdivision (c)(1)(B) (exceptions to adoption). The party seeking to establish the existence of one of the section 366.26, subdivision (c)(1)(B) exceptions has the burden of producing that evidence. (*In re Megan S*. (2002) 104 Cal.App.4th 247, 252.)

Father does not contend the juvenile court erred in not applying any of the exceptions to adoption. Instead, he seeks, as he did in his section 388 petition, to reopen the issue of reunification services and presents the same evidence (certificates of completion) he attached to his section 388 petition. Reunification, however, was not a consideration at the section 366.26 hearing. Rather, "[b]y the time of a section 366.26 hearing, the parent's interest in reunification is no longer an issue and the child's interest in a stable and permanent placement is paramount." (*In re Jasmine D*. (2000) 78 Cal.App.4th 1339, 1348.)

We conclude father failed to show good cause that an arguable issue exists and dismiss the appeal.

## DISPOSITION

This appeal is dismissed.

4